**DIANE VON FURSTENBERG STUDIO, Plaintiff–Appellee,**

v.

**Catherine SNYDER, d/b/a Cathy 3254, d/b/a katrina3254@vendio.com, d/b/a katrina3254@mailstep.com, d/b/a Fairfax Trading Company, Defendant–Appellant,**

and

**John Does, 1–15; XYZ Corporations, 1–15, Defendants.**

No. 07–2172.

United States Court of Appeals, Fourth Circuit.

Submitted: Sept. 3, 2008.

Decided: Sept. 18, 2008.

Catherine Snyder, Appellant Pro Se. Kevin B. Bedell, Janet Shih Hajek, Greenberg & Traurig, LLP, McLean, Virginia, for Appellee.

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catherine Snyder appeals the district court's order entering judgment against her on Plaintiff's trademark infringement

claim under 15 U.S.C. § 1114 (2000), trademark dilution claim under 15 U.S.C.A. § 1125(c) (West 1998 & Supp. 2008), and under Virginia common law. We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's judgment. *See Diane Von Furstenberg Studio v. Snyder*, No. 1:06–cv–01356–JCC, 2007 WL 3143690 (E.D.Va. filed Oct. 23, 2007; entered Oct. 24, 2007).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Larry Shelton James appeals the district court's order dismissing his 42 U.S.C. § 1983 (2000) complaint under 28 U.S.C. § 1915(e)(2)(B) (2000). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See James v. Durham Center*, No. 5:07–ct–03144–D (E.D.N.C. Jan. 8, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* We note that the district court erred in holding that the Plaintiff's registration provided Snyder with constructive notice for the purposes of the damages award. This error was harmless, however, because Plaintiff was enti-tled to elect statutory damages even if Snyder had no actual notice of the registration of Plaintiff's mark. *See* 15 U.S.C. §§ 1116(d)(1)(B)(I), 1117(c) (2000).